**E. L. CORD, Appellant,**

v.

**Rogers C. B. MORTON, Secretary of the Interior, Appellee.**

No. 26873.

United States Court of Appeals, Ninth Circuit.

Aug. 30, 1971.

Edward D. Neuhoff, San Marino, Cal. (argued), Woodburn, Forman, Wedge, Blakey, Folsom & Hug, Reno, Nev., for appellant.

Peter R. Steenland (argued), Dept. of Justice, Shiro Kashiwa, Asst. Atty. Gen., Lands & Natural Resources Div., Washington, D. C., Bart M. Schouweiler, U. S. Atty., William Patterson Cashill, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before MERRILL and ELY, Circuit Judges, and FERGUSON, District Judge.*

PER CURIAM:

Appellant Cord brought suit to overturn a decision of the Secretary of the Interior refusing to certify as valid, under 43 U.S.C. § 276, certificates for Soldier's Additional Homestead Rights that Cord, as ultimate assignee, now holds. The District Court entered judgment for the Secretary and this appeal followed. We affirm.

The Secretary issued the certificates on May 29, 1896, pursuant to the Act of June 8, 1872, Rev.Stats. 2306, 2307, as amended 43 U.S.C. §§ 274, 278. The 1872 Act provided that qualified Civil War veterans who had made homestead entries of less than 160 acres could increase their homestead holdings to 160 acres. The certificates were erroneously issued to two veterans who, by the date of issuance, had already obtained their additional land and thus had exhausted their rights. When appellant submitted the certificates for validation, the Secretary rejected them on the ground that they were invalid at the time they were first issued. The Secretary's decision was in accord with well-settled principles of contract law that an assignee, even though he is a purchaser for value and without notice, takes subject to defenses that were available to the obligor against the assignor. *See, e. g.,* Corbin on Contracts § 892 (1952).

Appellant argues that, notwithstanding the principles of law governing assignments, the Secretary was required to validate the certificates by the express provisions of the Act of August 18, 1894, 28 Stat. 397, 43 U.S.C. § 276, which authorizes the transfer of soldier's additional homestead certificates and declares valid all such certificates issued "prior to August 18, 1894, under * * * section 274 of this title, or in pursuance of the decisions or instructions of the Secretary * * * of date March 10, 1877, or any subsequent decisions or instructions of the Secretary * * * or the Commissioner * * *."[1] But the Secretary has long

---

* Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

1. The Act of August 18, 1894, 28 Stat. 397, 43 U.S.C. § 276, provides:

 "All soldiers' additional homestead certificates issued prior to August 18, 1894, under the rules and regulations of the General Land Office under section 274 of this title, or in pursuance of the decisions or instructions of the Secretary of the Interior, of date March 10, 1877, or any subsequent decisions or instructions of the Secretary of the Interior or the Commissioner of the General Land Office, shall be, and are declared to be valid, notwithstanding any attempted sale or transfer thereof; and where such certificates have been, prior to August 18, 1894, or may thereafter be sold or transferred, such sale or transfer shall not be regarded as invalidating the right, but the same shall be good and valid in the hands of bona fide purchasers for value; and all entries prior to August 18, 1894, or thereafter made with such certificates by such purchasers shall be approved, and patent shall issue in the name of the assignees."

held that otherwise void certificates issued after August 18, 1894, are not validated by the 1894 Act. *See, e. g.,* Edward O'Keefe, 27 L.D. 545 (1898). The Secretary's interpretation of the statute is reasonable and is entitled to great deference. *See, e. g.,* Udall v. Tallman, 380 U.S. 1, 16–18, 85 S.Ct. 792, 13 L. Ed.2d 616 (1965). We find no reason to reject it. The 1894 Act, as we read it, validates three categories of certificates issued *prior* to August 18, 1894: (1) those issued under rules and regulations of the General Land Office under 43 U. S.C. § 274; (2) those issued pursuant to decisions or instructions of the Secretary as of March 10, 1877; and (3) those issued pursuant to decisions or instructions of the Secretary or the Commissioner after March 10, 1877. It does not immunize homestead certificates issued *after* August 18, 1894, from such bases of invalidity as exist here.

Affirmed.